By the Court.—Sedgwick, Ch. J.
—The plaintiff has selected as a remedy of the wrong alleged by it to have been done by the defendant, an action for damages. Nothing but pecuniary compensation is claimed. It is *199 claimed, that the defendant, while former president of the company entered, in behalf of the company, into a contract with Mr. Middleton, by which the latter agreed to lay certain cables, for five hundred and fifty shares of the capital stock of the company, the par value of those shares being $13;750. It is claimed that the defendant at the time knew that tiie laying of the cables was not worth in the shares of the company more than $7,500; that he was interested with Middleton, and for that reason entered into the contract in violation of his duty to the company. On this assumption, whatever other remedy the plaintiff might have, it would be right, that the defendant should pay what damages the plaintiff has suffered. It is not intended to examine the question of whether the plaintiff, in fact, had any cause of action, but only to point out, that here the plaintiff was bound to prove what damage there was.
Evidently, the damage must have come from the company having issued to Middleton certificates- of shares, in the nominal amount of $6,250, more than it would have issued, if the contract had been for the fair value of the laying of the cable.
On this subject, the plaintiff did not assume the position that it was a question for the jury as to the value of the stock referred to, but only claimed that there should be a verdict for the nominal amount of the stock. The counsel first, in asking a direction for a verdict in plaintiff’s favor, as matter of law, claimed “that as to the measure of damages, that is also a. question of law, to be determined by the court, and that the court direct a verdict for such amount, as the court thinks has been proved in excess of payment.” This could only refer to nominal value, for as to actual value or market value, there had been a wide divergence of opinions and facts in the testimony.
After the charge of the court, the counsel asked the court to charge that the measure of damages is one-half of the stock actually issued to Middleton. The court refused the request. The case and the argument upon the appeal *200 show that the request referred to the nominal amount of one-half of the certificates of stock issued to Middleton. On ' the argument of this appeal, the proposition is “that the stock, so illegally issued, must be estimated at its nominal or par value.”
The damage to plaintiff, on the assumption made, would be the amount of money they would be, probably, using that word in a sense favorable to plaintiff, able to obtain, by issuing the $6,250, in nominal amount, if they had not been taken from the company, through the contract ■ that has been referred to. It will perhaps be clearer to refer to the shares as two hundred and fifty shares o,f the capital stock. The learned counsel claims that there is a conclusive presumption, that the company could obtain par value. And so it must be held, if the requests made upon the trial are correct, because on the facts, it was very clearly shown that it was at least doubtful, that the company’s stock was of such value.
It is argued that it1 was a duty of the directors, not to issue certificates of stock, unless real value equal to nominal value was obtained. Such is the law, but it .does not follow as a consequence, that the shares of stock can be disposed of, at their nominal value. The performance of the duty might, as in this case, it probably would, result in the certificates not being issued at all.
A corporation, of course, owns no more or less, because of its issuing or not issuing, certificates of shares of stock. The certificate is only evidence that the corporation has parted with a share, or undivided part, of the property actually owned by the company, with certain limitations that it is not material now to specify. After this share has passed into possession of subscribers or subsequent parties, there is no conclusive presumption, as to1 its value. There' can be no reason for such a conclusive presumption as to it, because it had not changed hands, but remained with the company. In Arnold v. Suffolk Bank (27 Barb. 424), the case was that the plaintiff had subscribed for, or pur-' *201 chased of, the bank, ten shares of the stock and paid in the amount of subscription. The bank refused to issue to him the certificates which would be the evidence of his right. It was held that the plaintiff was the owner of the shares. It was held further that the plaintiff could recover an equivalent”, for his stock, neither more or less. “If the stock had been worth more than its par value, the owner is entitled to the benefit of it. If it had been and continued worth less than its face, during all his ownership, that value is all that the plaintiff can claim.” In the nature of things the same property could not be worth more, if possessed by a bank, than if possessed by a subscriber or purchaser from the bank (Kinchman v. Lidiard, 61 Barb. 579; Van Allen v. Illinois Central Railroad, 2 Keyes, 673). There was no evidence that the capital actually owned by the plaintiff, was of such value, that two hundred and fifty portions of it that would be represented by a certificate issued for two hundred and fifty shares would be an amount equal to par value.
If the matter that has been discussed were not in the case, it would be necessary to examine at length exceptions that referred to the merits. If all these had been determined on the trial, in plaintiff’s favor, they would not have been entitled to recover the damages they claimed. The judge sent the case to the jury in a way that enabled them to pass upon the actual value ' of the stock, as proven by the testimony. They found that $2,400 nominal value of the stock, was not actually worth $1,000. It is consistent with this that the stock had some actual value, but what it was cannot be determined from the verdict. There were some requests to charge that the plaintiffs were entitled to recover, for what would be the value of two hundred and fifty shares without deduction; but their value it was insisted should be estimated, as matter of law, at the nominal value of the stock. As they were not entitled to recover this, I am of opinion that no error injurious to them was committed at the trial.
*202 Judgment affirmed with costs, and order appealed from affirmed with $10 costs.
O’Gorman, J., concurred; Ingraham, J., concurred in result.